No. 16,279.

WHITE ET AL. *v.* HERMAN ET AL.
(226 P. [2d] 315)

Decided November 13, 1950.   Rehearing denied January 15, 1951.

Messrs. HANEY & HOWBERT, for plaintiffs in error.

Mr. FILLMORE S. GIBSON, Mr. GEORGE M. GIBSON, for defendants in error.

*En Banc.*

PER CURIAM.

THIS case involves the construction of a will. The trial court construed certain bequests therein to be general, as distinguished from specific, bequests.

Plaintiffs in error rely for reversal upon three major propositions, as follows:  1.  The bequests concerning which the construction of the court is sought, are specific bequests.  2.  The defendants in error are estopped to assert that the bequests in question are general bequests.

3. Even though it be determined that the legacies in question are not specific, and even though it be determined that defendants in error are not estopped to deny that said legacies are specific, nevertheless there has been unreasonable delay in administration of the estate, and all dividends accruing on the property involved subsequent to the expiration of a reasonable time within which the estate should have been closed, belong to the respective legatees, and should not become a part of the residuary for distribution to the residuary legatees.

Upon the first two propositions above stated, the court, Mr. Justice Jackson not participating, is divided in opinion as follows: Mr. Chief Justice Hilliard, Mr. Justice Hays and Mr. Justice Moore, believe that the bequests under consideration are general, and that defendants in error are not estopped to claim that said bequests are general as distinguished from specific in character.

Mr. Justice Alter, Mr. Justice Stone and Mr. Justice Holland, are of the opinion that said legacies are specific in character; and, further, they are of the opinion that even though they were in fact general legacies, the defendants are estopped to so contend.

We are unanimously of the opinion that the question, as to whether an unreasonable length of time has been consumed in the administration of the estate, is not properly before us on the presented record.

It follows that the judgment of the trial court is affirmed by operation of law.